**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-01773-VAP (DTBx)                    Date:  November 6, 2013

Title:   GALILEO FINANCIAL LLC AS TRUSTEE FOR VIA LOMA TRUST #5978 -v- NADIA TUROV, AN INDIVIDUAL, AND DOES 1 TO 10, INCLUSIVE
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE RIVERSIDE COUNTY SUPERIOR COURT (IN CHAMBERS)

  On July 22, 2013, Plaintiff Galileo Financial LLC as Trustee for Via Loma Trust # 5978 ("Plaintiff") filed a Complaint in the California Superior Court, County of Riverside, asserting an unlawful detainer claim against Defendant Nadia Turov ("Defendant").  (See Not. of Removal Ex. A (Doc. No. 1) ("Complaint").)  On October 1, 2013, Defendant filed a Notice of Removal ("Notice"), removing the case to this Court on the basis of federal question jurisdiction pursuant to Protecting Tenants at Foreclosure Act of 2009 ("PTFA") § 702(b), 12 U.S.C. § 5201.  (See generally Not. of Removal.)  On October 17, 2013, finding that the basis of the Court's jurisdiction

MINUTES FORM 11                                Initials of Deputy Clerk ___adu_____
CIVIL -- GEN                          Page 1

EDCV 13-01773-VAP (DTBx)
GALILEO FINANCIAL LLC AS TRUSTEE FOR VIA LOMA TRUST #5978 v. NADIA TUROV
MINUTE ORDER of November 6, 2013

was unclear, the Court ordered Defendant to show cause as to why this action should not be remanded to state court for lack of subject-matter jurisdiction (Doc. No. 6).  Defendant responded to the Court's Order to Show Cause (Doc. No. 7) ("Response") on October 30, 2013.  For the reasons set forth below, the Court REMANDS the case to the California Superior Court, County of Riverside.

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

    "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1069 (9th Cir. 2005).  Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

    In her Notice and Response, Defendant argues Plaintiff invoked federal

EDCV 13-01773-VAP (DTBx)
GALILEO FINANCIAL LLC AS TRUSTEE FOR VIA LOMA TRUST #5978 v. NADIA TUROV
MINUTE ORDER of November 6, 2013

question jurisdiction in the Complaint when Plaintiff served Defendant with a notice to quit, providing for a 90-day period as required by the PTFA. (Not. at 2; Resp. at 2.) Defendant argues that Plaintiff's unlawful detainer claim is based on the notice to quit, and compliance with the PTFA "is an integral part of Plaintiff's claim . . . ." (Resp. at 2.) Thus, Defendant argues "construction of federal law is a necessary element in Plaintiff's claim, and a federal question is presented" in the Complaint. (Id. at 3.) The Court disagrees.

As the Court already noted in the Order to Show Cause, Plaintiff indeed alleges in the Complaint that Defendant is unlawfully occupying Plaintiff's property and is not a bona fide tenant pursuant to PTFA § 702(b)(1)-(3) and California Code of Civil Procedure § 1161(b). (Compl. ¶ 7.) Plaintiff's Complaint itself, however, is strictly an action based on the California unlawful detainer statutes. In analyzing a party's claims, a court examines the facts alleged to determine the gravamen of the grievance. The labels attached by the parties are not dispositive. Rains v. Criterion Sys., 80 F.3d 339, 343 (9th Cir. 1996); Howe v. Bank of Am. N.A., 179 Cal. App. 4th 1443, 1449 (Ct. App. 2009); Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1595-96 (Ct. App. 2008). The gravamen of the allegations in this case is a state law claim for unlawful detainer. The Complaint is entitled "Verified Complaint for Unlawful Detainer." (Compl. at 1.) Plaintiff asserts limited civil jurisdiction, and seeks less than $10,000 in damages. (Id.) Plaintiff's state-based unlawful detainer cause of action does not, as Defendant urges, become a federal claim merely by Plaintiff's reference to a federal statute. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); see also Rains, 80 F.3d at 343 (state law creates the cause of action where plaintiff's complaint contained claim for wrongful termination in violation of public policy and merely referenced Title VII). Furthermore, as the Ninth Circuit has recently held for the first time, the PTFA "does not create a private right of action." Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013). In other words, Plaintiff is barred from suing Defendant under the PTFA. Thus, Defendant's argument that Plaintiff has stated a federal claim under the PTFA upon which this Court may exercise jurisdiction is without merit.

Defendant asserts she is not raising either a defense or a counterclaim based on the PTFA. (See Resp. at 2.) To any extent that the Notice of Removal raises such possibilities, the Court notes that neither potential defenses nor counterclaims

EDCV 13-01773-VAP (DTBx)
GALILEO FINANCIAL LLC AS TRUSTEE FOR VIA LOMA TRUST #5978 v. NADIA TUROV
MINUTE ORDER of November 6, 2013

are considered in evaluating whether a federal question appears on the face of a complaint.  See ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) ("A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." (citation and internal quotation marks omitted)); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.")  Defendant thus has failed to provide a basis upon which this Court may exercise federal question jurisdiction.

As no proper basis for removal exists, the Court finds that it lacks subject-matter jurisdiction and REMANDS this matter to the California Superior Court for the County of Riverside.

**IT IS SO ORDERED.**